**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000628**
**10-JAN-2017**
**08:32 AM**

NO. CAAP-16-0000628

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
BURT CALAYCAY, also known as BURT F. CALAYCAY,
Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DCW-15-0001327)

ORDER DISMISSING THE APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we lack

appellate jurisdiction over the appeal by Defendant-Appellant

Burt Calaycay, also known as Burt F. Calaycay (**Appellant**) from

the Notice of Entry of Judgment and/or Order, filed on August 22,

2016 (**8/22/16 Order**), in the District Court of the First Circuit

(**district court**), because the district court has not yet entered

a final judgment that satisfies the requirements for an

appealable final decision or final judgment under Hawaii Revised

Statutes (**HRS**) § 641-12 (Supp. 2015).

"Appeals from the district court, in criminal cases, are authorized by HRS §641-12, which . . . provides in pertinent part that appeals upon the record shall be allowed from all final decisions and final judgments of district courts in all criminal matters." State v. Ontiveros, 82 Hawai‘i 446, 449, 923 P.2d 388, 391 (1996) (internal quotation marks, emphasis, and brackets omitted). With respect to the "criminal matter" requirement for an appeal under HRS § 641-12 (Supp. 2015), "[a]n offense . . . for which a sentence of imprisonment is authorized constitutes a crime." HRS § 701-107(1) (Repl. 2014). This case qualifies as a criminal matter because Harassment, in violation of § 711-1106(1)(b) and (f) (Repl. 2014), is a petty misdemeanor punishable by imprisonment pursuant to § 706-663 (Repl. 2014).

"'[I]n order to appeal a criminal matter in the district court, the appealing party must appeal from a written judgment or order that has been filed with the clerk of the court pursuant to HRAP [Hawai‘i Rules of Appellate Procedure] Rule 4(b)(3)." State v. Bohannon, 102 Hawai‘i 228, 236, 74 P.3d 980, 988 (2003) (emphasis omitted). The 8/22/16 Order satisfies the written judgment requirement under HRAP Rule 4(b)(3).

Although this is a criminal matter and the 8/22/16 Order satisfies the written judgment requirement, the 8/22/16 Order is not final and appealable because it does not include an adjudication and sentence. Hawai‘i Rules of Penal Procedure Rule 32(c)(2) provides, "A judgment of conviction in the district court shall set forth the disposition of the proceedings and the same shall be entered on the record of the court." Under Rule 32(c)(2), "a document is not a judgment of conviction unless it

-2-

includes the adjudication and the sentence." State v. Kilborn, 109 Hawai'i 435, 127 P.3d 95 (App. 2005).

The district court issued a March 11, 2016 Notice of Entry of Judgment and/or Order that includes an adjudication but no sentence, only a "proposed sentence." The 8/22/16 Order does not include an adjudication or a sentence. No order or judgment including an adjudication and sentence appears in the record on appeal.

Hence, this court lacks jurisdiction over the appeal, under HRS § 641-12.

Therefore, IT IS HEREBY ORDERED that the appeal in appellate case number CAAP-16-0000628 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, January 10, 2017.

Chief Judge

Associate Judge

Associate Judge

-3-